NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1919
_____

LEON A. KENDALL,

Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS;
SUPERIOR COURT OF THE VIRGIN ISLANDS;
THE HONORABLE DARRYL D. DONOHUE, SR., in his official capacity
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Civil No. 3-10-cv-00109)
District Judge: Hon. Curtis V. Gomez

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2014
_____

Before: CHAGARES, JORDAN, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: January 5, 2015)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Honorable Leon A. Kendall ("Judge Kendall") appeals the District Court's orders granting judgment in favor of the Supreme Court of the Virgin Islands, the Honorable Darryl D. Donohue, Sr., and the Government of the Virgin Islands (the "defendants"). For the reasons that follow, we will affirm.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. On September 22, 1983, Judge Kendall was offered a position as Assistant General Counsel to what was then the Territorial Court of the Virgin Islands. In 1987, he was promoted to the position of General Counsel and, on October 3, 2003, he was appointed an Associate Judge of the Territorial Court (now the Superior Court). On October 3, 2009, Judge Kendall retired from the Superior Court.

Judge Kendall alleges that he accumulated annual leave, sick leave, and compensatory time during his tenure with the Superior Court. He requested lump-sum compensation for this unused leave upon his retirement and the request was denied. In addition, beginning in October 2004, Judge Kendall began receiving retirement annuity payments based on his service in the General Counsel's Office. Judge Kendall brought the instant suit challenging the denial of his requested lump-sum payments and the calculation of his retirement annuity. Essentially, Judge Kendall alleges that he had been owed certain payments upon retirement when he commenced his employment at the Superior Court, but that subsequent changes in law diminished the amount he was owed in violation of the Revised Organic Act of 1954, 48 U.S.C. § 1561, which incorporates the Contract Clause of the United States Constitution ("Contract Clause").

2

At a hearing held November 8, 2012 (the "Omnibus Hearing"), the District Court orally granted summary judgment in favor of the defendants on Judge Kendall's count four, in which he challenged the denial of his request to be paid for compensatory time. On December 3, 2012, the District Court held a bench trial on the remaining counts. On February 28, 2013, the District Court entered judgment in favor of the defendants on Judge Kendall's remaining three counts.

Judge Kendall timely appealed.

## II.

The District Court had jurisdiction pursuant to 48 U.S.C. § 1612 and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact regarding counts one, two, and three. See Ridley Sch. Dist. v. M.R., 680 F.3d 260, 268 (3d Cir. 2012). Our review of the District Court's grant of summary judgment on count four is plenary. Seamans v. Temple Univ., 744 F.3d 853, 859 (3d Cir. 2014). A moving party is entitled to summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

Judge Kendall asserts that the District Court erred by granting judgment to the defendants on his four claims. He alleges that the defendants improperly denied: (1) his request for a lump-sum payment for accrued sick leave; (2) his request that his retirement annuity be calculated based on his 20 years of service without regard to his age and based

3

on his salary at the time of his retirement; (3) his request for compensation for "excess" annual leave; and (4) his request for compensation for overtime work.

He alleges that the denial of his claims and the calculation of his retirement annuity violated the Contract Clause of the United States Constitution, incorporated by the Revised Organic Act of 1954, 48 U.S.C. § 1561. To show a violation of the Contract Clause, a plaintiff "must demonstrate that a 'change in state law has operated as a substantial impairment of a contractual relationship.'" Transp. Workers Union, Local 290 ex. rel. Fabio v. SEPTA, 145 F.3d 619, 621 (3d Cir. 1998) (quoting Gen. Motors Corp. v. Romein, 503 U.S. 181, 186 (1992)). "Contract Clause analysis requires three threshold inquiries: (1) whether there is a contractual relationship; (2) whether a change in a law has impaired that contractual relationship; and (3) whether the impairment is substantial." Id.

## A.

Judge Kendall first asserts that the District Court erred by granting judgment to the defendants on his claim for a lump-sum payment for accrued sick leave. Judge Kendall first entered into an employment contract with the Virgin Islands in 1983. At that time, Government employees were entitled to compensation for "[a]ll sick leave in excess of 90 days" in a lump sum upon the termination of their employment. 3 V.I.C. § 731(a) (1981). In 1986, the Virgin Islands enacted Act 5135, which eliminated the lump-sum compensation and replaced it by adding unused sick leave as a credit to the employee's retirement annuity. 3 V.I.C. § 731(a) (1986).

4

It is undisputed that there was a contractual relationship between Judge Kendall and the defendants and that the change in law impacted that relationship. However, Judge Kendall does not point to any evidence to suggest that this change resulted in a substantial impairment. Judge Kendall requested that he be paid a lump sum amount for his unused sick leave, as he would have received prior to the enactment of Act 5135. This request was denied. Judge Kendall does not argue that he did not receive credit for his unused sick leave under the post-Act 5135 version of the law, or offer any evidence as to whether this credit works a net diminution in his compensation compared to the lump-sum payment. Instead, Judge Kendall asserts that "such speculation as to the value of any service credit is unnecessary where the value of the lump-sum payment due . . . is readily ascertainable." Kendall Br. 33. He is mistaken. To succeed on his Contract Clause claim, Judge Kendall must provide evidence that the change in the mode of compensation received for unused sick leave was a substantial impairment of the contractual relationship.

Moreover, Judge Kendall executed his 1987 Appointment Letter after Act 5135's enactment and thus he did not rely on the pre-Act 5135 impact on Section 731(a) in continuing his employment. Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 246 (1978). Furthermore, it is plausible that Act 5135 may have entitled him to greater compensation than the earlier law and thus did not substantially impair a contractual right. Troy Ltd. v. Renna, 727 F.2d 287, 297 (3d Cir. 1984) (expressing doubt that a statute substantially impaired any contractual relationship where it "only enlarged . . . a pre-existing statutory tenancy.") He fails to demonstrate that the effect of the change

5

constitutes a substantial impairment, and thus we will affirm the District Court's grant of judgment to the defendants on this claim.

B.

Judge Kendall next asserts that the District Court erred by granting judgment to the defendants on his claim regarding the calculation of his retirement annuity. He asserts that he is entitled to have his retirement annuity calculated by the Government Employee Retirement System ("GERS") according to the version of 3 V.I.C. § 706 that existed in 1983 as opposed to the statutory framework that existed after amendments that were enacted between when he commenced and when he concluded his employment.

At the time Judge Kendall entered into his initial contract with the Government in 1983, 3 V.I.C § 706 ("section 706") provided that "a member [of the GERS] shall receive a service retirement annuity, payable semi-monthly, computed at the rate of 2.5% of average compensation times the number of years of credited service, not to exceed 40 years." 3 V.I.C. § 706(a) (1981). This formulation did not include an upper limit on what the average salary included in this calculation could be.

In 1990, the Virgin Islands enacted Act 5522, which provided that a retiree's annuity would be reduced "by .325% of one percent for each month or fraction thereof that the member's age is less than sixty (60) years." 3 V.I.C. § 705(d) (1990). In 1991, the Virgin Islands enacted Act 5763, which added a provision to section 706 stating that "[n]otwithstanding any other law, no member shall receive a service retirement annuity in

6

an amount that exceeds $65,000 per annum exclusive of any cost of living annuity, bonuses or adjustments." 3 V.I.C. § 706(d) (1991).

Judge Kendall applied for retirement benefits for his service in the General Counsel's Office on May 24, 2004, after he had begun serving as an Associate Judge. He began receiving these benefits on October 20, 2004. The amount of his benefits was calculated by multiplying the number of years of his credited service in the General Counsel's office by his average salary over the prior three years, subject to a cap of $65,000 on the maximum compensation to be used in calculating a retirement annuity. 3 V.I.C. § 702(n) (2009). The GERS then multiplied this amount by 2.5% and reduced the total to reflect a period of time for which Judge Kendall had not made contributions into the GERS.

Judge Kendall challenges this calculation, and asserts that his annuity should be calculated based on the statutes that existed at the time he began his employment in 1983. He asserts that the defendants' refusal to do so is a violation of the Contract Clause. In analyzing Judge Kendall's claim, the District Court first looked to the text of the relevant statutes to determine whether the Government of the Virgin Islands not only created a contractual obligation to pay a retirement annuity to Judge Kendall according to a particular formula, but whether it unmistakably expressed an intention to bind itself to that formula in perpetuity. See, e.g., Parker v. Wakelin, 123 F.3d 1, 5 (1st Cir. 1997) (citing United States v. Winstar, 518 U.S. 839, 874–75 (1996) ("[N]either the right of taxation, nor any other power of sovereignty, will be held . . . to have been surrendered, unless such surrender has been expressed in terms too plain to be mistaken.") (citation

7

omitted)). This "unmistakability doctrine" "'serve[s] the dual purposes of limiting contractual incursions on a State's sovereign powers and of avoiding difficult constitutional questions about the extent of State authority to limit the subsequent exercise of legislative power.'" Id. (quoting Winstar, 518 U.S. at 875).

In relevant part, section 723 of the Virgin Islands Code states that "[n]o annuity or benefit shall be increased, decreased, revoked, or repealed, except for error, or where specifically otherwise provided by this chapter." 3 V.I.C. § 723. The District Court determined that this language most reasonably applied to annuities or retirement benefits actually due to be received, as opposed to future benefits, as such possible, future benefits could not be "increased, decreased, revoked or repealed" before they existed. The District Court observed that, had the Legislature wished to protect both future and present rights to annuities or benefits, it could have specified this. However, without the unmistakable intent to bind itself to the annuity formulation in place at the time a GERS member commences her employment, the District Court interpreted the statute only to protect benefits from the time those benefits were actually due to the GERS member. While our review of this legal determination is plenary, we agree with the unmistakability analysis conducted by the District Court.

Judge Kendall does not assert that he was actually entitled to benefits at the time of either of the challenged formula changes in 1990 or 1991. Thus, neither of those changes could have substantially impaired his right to any benefits. Thus, we will affirm the District Court's grant of judgment to the defendants on this claim.

C.

8

Judge Kendall next asserts that the District Court erred by granting judgment to the defendants on his claim for compensation for excess annual leave. At the time Judge Kendall retired, Government records showed that he had an annual leave balance of 640 hours and listed that he had 584 hours of excess annual leave. Judge Kendall requested that he receive lump-sum payments for both the annual leave and excess annual leave, but his request for payment of the excess annual leave was denied.

Under 3 V.I.C. § 587 ("section 587"), any employee entitled to leave under 3 V.I.C. §§ 581–584 is also entitled to be "paid compensation in a lump sum for all accumulated and current accrued annual or vacation leave to which he is entitled under existing law" at the time that employee separates from service. Section 581, the portion of the Virgin Islands Code outlining an employee's entitlement to annual leave, provides that employees "shall be entitled to 26 days annual leave, each calendar year" and that "[t]he part unused in any year shall be accumulated for succeeding years until it totals not exceeding 60 days." 3 V.I.C. § 581(a). Thus, the most annual leave an employee could be entitled to receive in a lump-sum payment under section 587 is 86 days or 688 hours, including 26 days of leave from the year she retired and 60 days that she had accumulated from previous years under section 581(a). Judge Kendall does not challenge that his leave balance at the time of his retirement was 640 hours and that he was given a lump-sum payment for these hours. Instead, Judge Kendall argues that he was also entitled to be paid for the 584 hours of "excess annual leave" listed on the Government records.

As noted above, one of the threshold inquiries of Contract Clause analysis is whether a change in law has impaired a contractual relationship. Here, the relevant

9

statutory scheme was not changed during Judge Kendall's employment. Thus, while Judge Kendall asserts that he was owed this payment and that it was denied, he can point to no change in any law that led to this denial and therefore the District Court properly granted judgment to the defendants on this Contract Clause claim.

Judge Kendall also asserts that this denial of the payment constituted a breach of contract. To establish a breach of contract claim, Judge Kendall first needs to provide evidence to demonstrate that there was an agreement to pay him the claimed overtime. He failed to do so.

Judge Kendall asserts that section 587 entitles him to be paid a lump sum for unused annual leave and that this includes the excess annual leave. However, section 587 provides that an employee is entitled to receive a lump-sum payment of the unused annual leave he or she is entitled to under sections 581 through 584, and section 584 plainly provides that an employee may accumulate no more than 26 days of annual leave a year and may also accumulate up to 60 days of unused leave from past years. Judge Kendall received the lump-sum payment to which he was entitled under this scheme. He points to no other statute or agreement that shows his entitlement to also receive a lump-sum payment of "excess annual leave" beyond the amount described in section 584, and thus we will affirm the District Court's grant of judgment to the defendants on this claim.

D.

Finally, Judge Kendall asserts that the District Court erred by granting summary judgment to the defendants on his claim regarding compensation for overtime work. Judge Kendall alleges that he worked in excess of forty hours a week on many occasions

10

during his tenure as a judge. He was not given overtime pay for these hours, but was instead granted compensatory time. Upon his retirement, Judge Kendall asked that he be paid for his unused hours of compensatory time and this request was denied. He alleges that this violated the Contract Clause.

Here, Judge Kendall again failed to point to any change in law that led to the denial of his request for payment. Thus, the defendants were entitled to summary judgment on this Contract Clause claim.

At the Omnibus Hearing held by the District Court, Judge Kendall's counsel indicated this his claim for payment of compensatory time was also brought on a breach of contract theory. Appendix ("App.") 130. The defendants argued that Judge Kendall failed to provide evidence of any statute or other agreement to pay Judge Kendall overtime, to grant him compensatory time instead of overtime, or to pay him for any unused compensatory time. Judge Kendall points to the annual Budget Acts enacted to fund the Superior Court's operations, a statute providing overtime to employees in the Executive and Legislative branches of the Virgin Islands Government, 3 V.I.C. § 560 (2014), and to a Personnel Manual of the Territorial Court providing overtime for employees when authorized by a supervisor, App. 103. However, none of these possible agreements apply to Judge Kendall on their face. As Judge Kendall cannot point to any agreement to pay him overtime, his argument that the refusal to pay him overtime constitutes an unlawful diminution in his compensation also fails. We agree with the District Court that Judge Kendall's breach of contract claim fails as matter of law and

11

will affirm the District Court's order granting summary judgment to the defendants on this count.

IV.

For the foregoing reasons, we will affirm the District Court's orders.