**GARY A. MOLLOY, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and DEPARTMENT OF EDUCATION, Defendants**

Case No. SX-15-CV-0000301

Superior Court of the Virgin Islands

Division of St. Croix

June 23, 2016

285

VINCENT COLIANNI, II, ESQ., VINCENT A. COLIANNI, ESQ., Colianni & Colianni, St. Croix, USVI.

ERIKA M. SCOTT, ESQ., Assistant Attorney General, St. Croix, USVI.

FRANCOIS, *Judge*

## MEMORANDUM OPINION

(June 23, 2016)

Before the Court is Defendant's[1] Motion to Dismiss, which was filed on February 9, 2016. The Plaintiff filed an Opposition on March 30, 2016 and Defendants filed a Reply on April 5, 2016. Overall, Gary A. Molloy ("Plaintiff") and the Government of the Virgin Islands and the Department of Education (collectively referred to as the "Government") disagree as to the maximum number of hours of unused annual leave that a government employee is entitled to receive as a lump-sum cash payment upon separation from service. The Government asserts that the Court should dismiss Plaintiff's Complaint in accordance with Federal Rule of Civil Procedure 12(b)(6) because he failed to plead a claim upon which the Court can grant relief. After considering the plain meaning of the pertinent statutory language, the Court finds Plaintiff's Complaint sufficiently pleads both of his claims so as to be able to overcome a Rule 12(b)(6) motion to dismiss. Accordingly, the Court will deny the Government's Motion.

## FACTUAL & PROCEDURAL HISTORY

Plaintiff started working for the Virgin Islands Department of Education in 1997 as a school principal.[2] In 2007, he was appointed as the Insular Superintendent of Schools for the St. Croix District and, on December 31, 2014, Plaintiff resigned.[3] On the day of his resignation, Plaintiff's hourly pay rate was $46.15 per hour and he accumulated a total

---

[1] Plaintiff's Complaint has identified two defendants. However, Defendants filed their Motion as a single defendant.

[2] Compl. ¶ 5.

[3] *Id.*

of 666 hours of unused annual leave.[4] Upon termination, government employees are entitled to the cash value of their accumulated and accrued annual leave, paid in a lump sum.[5]

The Government paid Plaintiff the cash value of 60 days (or 480 hours) of annual leave and claims that amount represents the maximum an employee is entitled to receive. Plaintiff asserts that the maximum payout should have been for 86 days (or 688 hours) and he filed a Complaint on February 9, 2016, alleging he is owed a remaining difference for 186 hours.[6] The Complaint also asserts a breach of contract claim arising out of the same disagreement. The Government filed the instant Motion, asserting Plaintiff has failed to plead a claim upon which the Court can grant relief.

The Government attached two exhibits to its Motion. Exhibit 1 is a Notification of Personnel Action dated February 9, 2015. It depicts Plaintiff's salary and states his resignation was effective December 31, 2014. Exhibit 2 is a spreadsheet dated February 12, 2015 portraying "Miscellaneous Payroll Records." Exhibit 2 appears to state that Plaintiff accumulated 666 hours of annual leave that total a lump-sum payment of $30,735.90. It also appears to show that his total unused annual leave was adjusted to 480 hours with a lump-sum payment of $22,152. The Court finds the exhibits neither enhance the Government's arguments nor detract from them. They merely depict facts already stated in the Complaint. As such, the Court does not find the exhibits helpful when considering the Motion before the Court.

## LEGAL STANDARD

██ "The adequacy of a complaint is governed by Rule 8 of the Federal Rules of Civil Procedure."[7] A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual

---

[4] Compl. ¶ 9.

[5] V.I. CODE ANN. tit. 3, § 587.

[6] *Id.*

[7] *Brady v. Cintron*, 55 V.I. 802, 822 (V.I. 2011). Federal Rule of Civil Procedure 8 applies to this proceeding through the operation of Superior Court Rule 7.

[8] FED. R. CIV. P. 8(a)(2).

matter, accepted as true, 'to state a claim for relief that is plausible on its face.' "[9] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[10] However, a plaintiff is obliged to provide "more than labels and conclusions."[11] Determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] In making the plausibility determination, the Supreme Court of the Virgin Islands instructs that:

> First, the court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.[13]

If the remaining facts are sufficient enough for the court to draw a reasonable inference that the defendant is liable based on the elements the plaintiff must plead, then the claim is considered plausible.[14]

## ANALYSIS

This dispute appears to be a matter of first impression for the Superior Court. In *Kendall v. Government of the Virgin Islands*, the U.S. Court of Appeals for the Third Circuit briefly touched upon the maximum number of unused annual leave hours to which a government employee is

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2002)).

[10] *L'Henri, Inc. v. Vulcan Materials Co.*, 53 V.I. 794, 798 (D.V.I. 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)).

[11] *Twombly*, 550 U.S. at 555.

[12] *Iqbal*, 556 U.S. at 679.

[13] *Brady v. Cintron*, 55 V.I. 802, 822-23 (V.I. 2011) (citing *Joseph v. Bureau of Corrections*, 54 V.I. 644, 649-50 (V.I. 2011)).

[14] *Id.* at 823.

entitled to receive as a lump-sum payment.[15] However, the Third Circuit did not directly confront the issue before the Court and provided sparse analysis as to how it arrived at a ceiling of 688 hours. Its determination had no bearing on the outcome of that case, which in part concerned whether a government employee was entitled to both his accumulated and excess annual leave.[16] A statement made by the Third Circuit that is merely dictum is not binding.[17]

**I. Plaintiff Has Sufficiently Pleaded a Claim Pursuant to Title 3, § 587 of the Virgin Islands Code.**

Title 3, § 581(a) of the Virgin Islands Code states the following:

> Subject to the provisions of section 582 of this title[,] all officers and employees of the Government of the United States Virgin Islands, regardless of their tenure, in addition to any accrued leave, shall be entitled to 26 days annual leave, each calendar year exclusive of Sundays and holidays. The part unused in any year shall be accumulated for succeeding years until it totals [sic] not exceeding 60 days.

■ Upon termination of employment, 3 V.I.C. § 587 requires an employee to be "paid compensation in a lump sum for all accumulated and current accrued annual or vacation leave to which he is entitled under existing law." Therefore, a terminated employee's lump-sum payment should be equal to his hourly pay rate times the number of annual leave hours to which he is owed under § 581(a).

Accordingly, in order to state a plausible claim under 3 V.I.C. § 587, a plaintiff must sufficiently plead facts that assert the following: 1) he was a government employee or officer; 2) his employment with the government terminated; 3) at the time of the termination, he accumulated and accrued unused annual leave; and 4) he was not paid in a lump-sum payment for all the annual leave he was owed under 3 V.I.C. § 581(a). Addressing the crux of the dispute between the parties, the Court first must determine the maximum number of annual leave an employee can be owed under 3 V.I.C. §581(a).

---

[15] 596 Fed. Appx. 150, 155 (3d Cir. 2015) ("the most annual leave an employee could be entitled to receive in a lump-sum payment under section 587 is 86 days or 688 hours").

[16] *Id.*

[17] *See Better Building Maint. of the V.I., Inc. v. Lee,* 60 V.I. 740, 755 n.8 (V.I. 2014) (citing *Lander v. Schundler,* 168 F.3d 92, 98 n.6 (3d Cir. 1999)).

## A. A Plain Meaning Reading of 3 V.I.C. § 581(a) Dictates Employees Are Entitled to a Maximum Lump-Sum Payment for 688 Hours of Accumulated and Accrued Annual Leave.

■ When interpreting a statute, the Court must commence with the plain meaning of the statute. If the language is clear and unambiguous, there is no need to resort to any other rule of statutory construction.[18] "[L]egislative intent is presumably expressed through ordinary meaning of the words it chose to use, and if the statutory language is unambiguous, the plain meaning of words is ordinarily regarded as conclusive."[19]

■ The imperative sentence in § 581(a) is *"The part unused* in any year shall be accumulated *for succeeding years* until it totals [sic] not exceeding 60 days." [emphasis added] The Government misinterprets the meaning of "it" in the sentence. The subject noun in the sentence is "the part unused" and the sentence has no other subject. It, therefore, follows that the pronoun "it" substitutes for the noun "[t]he part unused." The sentence can be written as "The part unused in any year shall be accumulated for succeeding years until [the part unused] totals [sic] not exceeding 60 days." Therefore, the unused leave that an employee carries over into succeeding years cannot exceed 60 days, as opposed to the total leave an employee can take in a given year.

■ Furthermore, the phrase "for succeeding years," dictates a separation between leave accumulated in previous years and leave accrued in the current year. If an employee's 26 days of annual leave earned in a given year would apply toward the 60-day limit, then those days would not accumulate for succeeding years but, instead, would accumulate with a 60-day maximum for the current year.

■ Moreover, § 581(a) states employees are entitled to 26 days of annual leave each year *"in addition* to any accrued leave." [emphasis added] The phrase "in addition" indicates the Legislature meant for the 26 annual leave days that an employee receives in a year to be *added* to an employee's accumulated leave when calculating the number of annual leave days an employee may take.

---

[18] *Shoy v. People*, 55 V.I. 919, 926 (V.I. 2011).
[19] *Id.* at 927 (citing *Virgin Islands v. Knight*, 989 F.2d 619, 633, 28 V.I. 249 (3d Cir. 1993)).

## B. Transfer of An Employee's Unused Annual Leave to the Government Employees Retirement System Does Not Mean the Limit for an Employee's Unused Annual Leave Payout is 480 Hours.

■■■ The Government asks the Court to consider 3 V.I.C. § 581(e) *in pari materia* when construing 3 V.I.C. § 581(a). Section 581(e) states "[a]ny employee who has accumulated any unused annual leave at the end of a calendar year in excess of that allowed by subsection (a) to be accumulated for succeeding years, shall be entitled for retirement purposes only to 'service credit for forfeited annual leave.' " Therefore, if a retiring employee participated in the Government Employees Retirement System, then that employee will receive credit for any excess annual leave that is ineligible to be paid out in a lump sum. The Government perfunctorily asserts that Plaintiff's claim is flawed because he received a service credit toward his retirement annuity for unused annual leave over 480 hours.

■■■ Contrary to the Government's claims, the Court does not find § 581(e) to be instructive. Section 581(e) does not define excess unused annual leave but, instead, circles back to § 581(a) to determine which hours are considered "excess." The Government's decision to provide a service credit for the disputed 186 hours does not determine if it properly calculated how much an employee is owed as a lump-sum cash payment.

## C. Construing the well-pleaded facts in the light most favorable to the Plaintiff, the Complaint contains sufficiently alleged facts that call for entitlement of relief under § 587.

The Court must identify allegations stated in the Complaint that are no more than conclusory statements and, therefore, not entitled to a presumption of truth. The Court will not presume as true statements that are determinations of the Government's liability.[20] Otherwise, the Court finds all other statements in the Complaint are owed a presumption of truth.

■■■ ■■■ Considering the facts to which Plaintiff is entitled to a presumption of truth, the Court finds that Plaintiff has sufficiently pleaded all the elements necessary to establish a claim pursuant to § 587. As the

---

[20] *See* Compl. ¶¶ 5, 8.

Insular Superintendent of Schools for the St. Croix District, Plaintiff was a government employee.[21] Plaintiff resigned on December 31, 2014 and, therefore, terminated his employment with the Government.[22] Plaintiff also asserts that, at the time of his resignation, he accumulated a total of 666 hours of unused annual leave[23] but he was only paid for 480 hours.[24] For the reasons provided above, the Court has determined that, upon separation from service, § 587 entitles a government employee's employee to a lump-sum payment for up to 688 hours of unused accumulated and accrued annual leave. As such, Plaintiff has sufficiently asserted a well-pleaded claim pursuant to § 587 in order to overcome a Rule 12(b)(6) motion to dismiss.

## II. Plaintiff Has Sufficiently Pleaded a Valid Breach of Contract Claim.

Incorporating its arguments for dismissal of Plaintiff's claim pursuant to § 581(a), the Government also argues for dismissal of Plaintiff's breach of contract claim by similarly asserting it does not owe a duty to pay employees for annual leave hours in excess of 480 hours. To succeed on a breach of contract claim, a plaintiff must show four elements: (1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages.[25]

Plaintiff has pleaded that the parties entered into an employment contract[26] and, in accordance with the contract, the Government agreed to reimburse him for up to 688 hours of unused accumulated and accrued annual leave.[27] Plaintiff's Complaint does not state the alleged employment contract obligated the Government to reimburse Plaintiff for up to 688 hours of unused annual leave in pursuance of 3 V.I.C. §§ 581(a),

---

[21] *See* Compl. ¶ 5.

[22] *Id.*

[23] Compl. ¶ 9.

[24] Compl. ¶¶ 9, 12.

[25] *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 134-135 (V.I. 2009), *overruled in part on other grounds by Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558 (V.I. 2012).

[26] Compl. ¶ 16.

[27] Compl. ¶ 17.

587.[28] Instead, the Complaint asserts the "government agreed to make a lump sum payment to Molloy when he left his employment for all his accumulated annual leave and current accrued leave up to 688 hours."[29] The Complaint also alleges the Government did not pay Plaintiff for all the annual leave he was owed under the employment contract and, as a result, he suffered damages in the amount of $8,583.90.[30]

Therefore, the Court finds that Plaintiff has sufficiently pleaded all the elements of a breach of contract claim. Consequently, the Court also will deny the Government's request to dismiss Plaintiff's breach of contract claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be denied. An Order consistent with this Memorandum Opinion shall follow.

---

[28] Defendant's Motion to Dismiss incorporates its arguments for dismissal of Plaintiff's claim pursuant to 3 V.I.C. § 587 when arguing that the Government did not breach a duty dictated in an employment contract between the parties.

[29] Compl. ¶ 17.

[30] Compl. ¶¶ 18, 19.